THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

JOSEF HABER, et al.,

    Plaintiffs,

v.

CITY OF PORTLAND, et al.,

    Defendants.

No. 3:17-cv-1827-PK

**ORDER**

**PAPAK, Magistrate Judge:**

Plaintiffs Josef Haber, Patrick Garrison, Jennifer Nickolaus, Chris Whaley, and Jade Sturms bring this civil rights action on behalf of themselves and a proposed class of about 200 other individuals, claiming that their rights were violated on June 4, 2017, by Portland police officers during a demonstration in downtown Portland. Plaintiffs bring claims for declaratory and monetary relief against Mayor Ted Wheeler and individual police officers, and against the City of Portland.

The parties disagree on the proper scope and procedures for conducting discovery. These are my rulings on the parties' disputes. As discovery proceeds, these procedures may be

modified.

## Scope of Discovery

### (1) Defendants' Proposal to Limit Depositions to Decision-Makers

Plaintiffs object to Defendants' proposal that "Plaintiffs limit depositions to relevant decision-makers from the City of Portland who supervised and directed the events of June 4, 2017." Plaintiffs argue that while discovery as to "decision-makers" is relevant, Plaintiffs should be allowed to depose other officers or city employees whose knowledge of events may differ or supplement relevant information. Plaintiffs may depose persons who are not designated as decision-makers by Defendants.

### (2) Discovery Topics

Plaintiffs accept Defendants' proposed topics 2B.a through .g as appropriate areas of inquiry.

#### (a) Plaintiffs' Participation in Past Protests

Plaintiffs disagree with Defendants' item 2.B.h, which would allow Defendants to seek information "on each Plaintiff's participation in protests, marches or demonstrations within the City of Portland from June 4, 2007 until present." Defendants contend that such information is relevant to Plaintiffs' claims for damages. I agree with Plaintiffs that past or subsequent participation in protests is not relevant to whether Defendants violated Plaintiffs' rights on June 4, 2017.

#### (b) Plaintiffs' Previous Arrests or Detentions

Plaintiffs disagree with Defendants' item 2.B.i, which would ask whether any Plaintiff was ever previously detained or arrested. Defendants argue that a Plaintiff's arrest history may

indicate that a particular Plaintiff has knowledge of police practices during demonstrations. For now, I conclude that Defendants have not shown that evidence of a Plaintiff's past arrests or detentions is likely to lead to relevant evidence on whether Defendants violated that Plaintiff's civil rights on June 4, 2017.

### (c) General Background Information on Each Plaintiff

Plaintiffs disagree with item 2.B.j, which vaguely asks for "[g]eneral background information related to each Plaintiff." I conclude that Defendants must devise more specific requests.

### (d) City of Portland's Use of Force Policy

Plaintiffs disagree with Defendants on item 2B.k, in which Defendants assert that Plaintiffs' "rely solely on the reasonableness of the detention and/or arrest that occurred on SW Fourth Avenue between Southwest Morrison and Southwest Alder Streets," so Defendants "do not believe discovery is necessary on the Portland Police Bureau's use of force policy, or the use of force by the City's police officers on June 4, 2017." The City's use of force policy, and the actual use of force during events at issue, are relevant to Plaintiffs' claims, and are proper topics of discovery.

### (e) Plaintiffs' Proposed Limitations on Depositions

The parties disagree on the scope of discovery as to depositions. Plaintiffs propose to modify the number and length of depositions as set by Federal Rule of Civil Procedure 30 "to a maximum number of 20 depositions per side, each lasting no longer than 3.5 hours. Under Plaintiffs' proposal, a party could use two deposition slots for a single witness if the deposition lasts longer than 3.5 hours." Defendants oppose Plaintiffs' proposed limits on depositions and

"would prefer the Rule 30 limitations to apply to this case." Because of the number of potential witnesses, I agree that Plaintiffs' proposed limitations make sense, subject to possible revision as the litigation proceeds.

IT IS SO ORDERED.

Dated this day of April, 2018.

Honorable Paul Papak
United States Magistrate Judge