WILLIAM W. MANLOVE, OSB #891607
Senior Deputy City Attorney
Email: william.manlove@portlandoregon.gov
NAOMI SHEFFIELD, OSB #170601
Deputy City Attorney
Email: naomi.sheffield@portlandoregon.gov
Office of City Attorney
1221 SW 4th Avenue, Suite 430
Portland, OR 97204
Telephone: (503) 823-4047
Facsimile: (503) 823-3089
    *Of Attorneys for Defendants*

## UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

## PORTLAND DIVISION

| | |
|---|---|
| **JOSEF HABER,** et al., | 3:17-CV-01827-PK |
| **PLAINTIFFS,** | |
| v. | **ANSWER AND AFFIRMATIVE DEFENSES TO FIRST AMENDED COMPLAINT** |
| **CITY OF PORTLAND, et al.,** | |
| **DEFENDANTS.** | |

For their answer to plaintiffs' First Amended Class Action Complaint ("First Amended Complaint"), defendants City of Portland ("City"), Ted Wheeler, Larry Graham, Ryan Lee, Chris Lindsey, Jeffrey McDaniel, and Joseph Santos (collectively, "defendants") respond to plaintiffs' allegations in correspondingly numbered paragraphs as follows:

### INTRODUCTION

1. Defendants admit the Court has certified this as a class action. Defendants deny that they engaged in any unlawful actions against plaintiffs or the alleged plaintiff class. Defendants otherwise deny all other allegations set forth in paragraph 1.

2.      Defendants admit that on June 4, 2017, at approximately 3:30 p.m., after protesters repeatedly threw bricks, water bottles, balloons filled with foul-smelling substances, bags of marbles and other projectiles at police officers, Portland Police Bureau ("PPB") ordered the closure of Chapman Square, declaring the protest an unlawful assembly.  PPB Officers ordered protesters to disperse from Chapman Square.  Defendants further admit that many of the protesters in Chapman Square did not disperse, and instead began an unpermitted march north on SW Fourth Avenue.  Defendants specifically deny that they engaged in any tactic known as "kettling," however, defendants admit that at approximately 4:20 p.m., PPB officers and Oregon State Police ("OSP") officers detained protesters on SW Fourth Avenue between Morrison and Alder Streets.  Defendants admit that the PPB officers quickly processed the individuals detained by photographing each individual or their identification, if possible. Defendants admit that the length of the detention varied, but that individuals were detained, at most, for approximately one hour and fifteen minutes.  The PPB officers then released these individuals except for three persons who were arrested.  Except as expressly admitted herein, defendants otherwise deny all allegations set forth in paragraph 2 of the First Amended Complaint.

3.      Defendants admit that the Portland Police Bureau has a policy addressing Crowd Management/Crowd Control – Directive 635.10.  Except as expressly admitted herein, defendants otherwise deny all allegations set forth in paragraph 3 of the First Amended Complaint.

4.      Defendants acknowledge plaintiffs seek declaratory relief and/or a jury finding of liability.  Otherwise, the allegations in paragraph 4 are legal conclusions that defendants are not obligated to answer; insofar as any answer is required, defendants deny the same.

5.      Defendants acknowledge plaintiffs seek declaratory relief.  Otherwise, the allegations in paragraph 5 are legal conclusions that defendants are not obligated to answer; insofar as any answer is required, defendants deny the same.

6. Defendants acknowledge plaintiffs seek compensatory, or nominal damages, and attorneys' fees. Defendants specifically deny plaintiffs are entitled to any such damages or fees.

## JURISDICTION AND VENUE

7. Defendants admit that this court has jurisdiction over plaintiffs' federal constitutional claims. Except as expressly admitted herein, defendants otherwise deny all allegations set forth in paragraph 7 of the First Amended Complaint.

8. Defendants admit that this court has supplemental jurisdiction over plaintiffs' Oregon Constitutional claims, as related to plaintiffs' federal constitutional claims. Except as expressly admitted herein, defendants otherwise deny all allegations set forth in paragraph 8 of the First Amended Complaint.

9. Defendants admit that under 28 U.S.C. § 1391 plaintiffs have properly laid venue.

## THE PARTIES

10. Defendants admit that Plaintiffs Joseph Haber, Patrick Garrison, Jennifer Nickolaus, Chris Whaley, and Jade Sturms attended protests on June 4, 2017 and were detained by PPB officers on SW Fourth Avenue between Morrison and Alder Streets on June 4, 2017. Defendants admit that some plaintiffs have or intend to participate in future protests and demonstrations in Portland, Oregon. Except as expressly admitted herein, defendants otherwise deny all allegations set forth in paragraph 10 of the First Amended Complaint, in part, because those allegations contain legal conclusions.

11. Defendants admit the allegations in paragraph 11.

12. Defendants admit that Defendant Wheeler is the Mayor of the City of Portland. As Mayor, Defendant Wheeler is the Commissioner-in-Charge of the City's Bureau of Police. As Commissioner-in-Charge of the Bureau of Police, defendant Wheeler has delegated certain functions of the PPB to the bureau's Chief of Police, or his or her designees. Except as expressly admitted herein, defendants otherwise deny all allegations set forth in paragraph 12 of the First Amended Complaint, in part, because those allegations contain legal conclusions.

Page  3  –  ANSWER AND AFFIRMATIVE DEFENSES TO FIRST AMENDED COMPLAINT

13.     Defendants admit that Defendants Larry Graham, Ryan Lee, Chris Lindsey, Jeffrey McDaniel, and Joseph Santos are, or at relevant times were, PPB officers that were involved in responding to and managing the protests on June 4, 2017, and were involved in the decision or implementation of the decision to detain the group of illegal marchers on SW Fourth Avenue between Morrison and Alder Streets.  Except as expressly admitted herein, defendants otherwise deny all allegations set forth in paragraph 13 of the First Amended Complaint.

14.     Defendants admit that there are numerous public marches and large public gatherings every year in the City.  Many of these marches and gatherings are peaceful and lawful.  Unfortunately, to the detriment of all of the City's residents and visitors, some of these marches and gatherings have been violent and unlawful.  Defendants acknowledge that peaceful and lawful marches and gatherings can be an important component of protected First Amendment activities.  However, defendants affirmatively allege that violent and unlawful marches and gatherings have no legal protection under the First Amendment, the Oregon Constitution, or federal or state law.

15.     Defendants admit that PPB, when necessary and in response to violent or illegal activity, has authorized and directed its officers to use reasonable force during some interactions with some protesters.  Additionally, Defendants admit that, to ensure the safety of its officers and the public, and consistent with law and PPB's Directives, PPB has authorized and directed its members to use helmets, batons, and protective gear during some protests.  Defendants admit that in some limited circumstances, to ensure the safety of its officers and the public, and consistent with law and PPB's Directives, PPB has directed and authorized its officers to use tear gas, pepper-spray and rubber ball distraction devices during some protests.  Defendants deny that PPB utilizes "pepper-spray bullets," pepper balls, or "flash-bangs."  Defendants deny that PPB officers use chemical agents without warning for crowd-control purposes, but admit PPB has authorized its officers to use non-lethal force without warning in response to specific threats

in some circumstances. Except as expressly admitted herein, defendants otherwise deny all allegations set forth in paragraph 15 of the First Amended Complaint.

16.     Defendants deny that they have a policy, custom, or practice of "kettling protesters without individualized probable cause and/or reasonable suspicion." Defendants admit that in November 2014, PPB officers detained and arrested some demonstrators who remained, unpermitted, in a public street, after repeated announcements directing them to leave the street. Except as expressly admitted herein, defendants otherwise deny all allegations set forth in paragraph 16 of the First Amended Complaint.

17.     Defendants admit that there has been an increase in the number of protests in the City since the presidential election in November 2016. Defendants admit that at some of these protests individuals have committed criminal offenses involving violence and property damage, requiring a police response. Except as expressly admitted herein, defendants otherwise deny all allegations set forth in paragraph 17 of the First Amended Complaint.

## JUNE 4, 2017 RALLY

18.     Defendants admit that a public gathering was held on June 4, 2017 in Terry Shrunk Plaza in downtown Portland, Oregon (the "Patriot Prayer Gathering"). Defendants admit that the public gathering in Terry Shrunk Plaza was organized by Joey Gibson, founder of an organization called Patriot Prayer. Defendants lack information with sufficient specificity at this time to admit or deny the political or social affiliations of protesters that attend Patriot Prayer events, and therefore deny those allegations. Defendants admit that Patriot Prayer received a permit from the federal government to hold the Patriot Prayer Gathering at Terry Shrunk Plaza.

19.     Defendants admit that three primary counter-protests were organized for June 4, 2017 in apparent response to the Patriot Prayer Gathering: a group of labor unions organized in front of the Edith Green-Wendell Wyatt Federal Building; a group called Rose City Antifa organized in Chapman Square; and a coalition called Portland Stands United Against Hate

Page 5 – ANSWER AND AFFIRMATIVE DEFENSES TO FIRST AMENDED COMPLAINT

organized at City Hall. Defendants are without sufficient knowledge or complete information to admit or deny whether individuals unaffiliated with any of the groups of counter protestors joined those three groups of counter protesters, or what actions those individuals took, and defendants therefore deny those allegations. Defendants admit that tensions were high between the pro-Trump gathering and certain counter protesters. Defendants admit that June 4, 2017 was only days after Jeremy Joseph Christian stabbed three men and killed two, on a MAX train, after the men apparently confronted him, following Christian reportedly insulting two Muslim girls who were also on the train.

  20. Defendants admit that Patrick Garrison attended the June 4, 2017 protests as a legal observer for the ACLU of Oregon, and that Mr. Garrison, at times, videotaped parts of the protests. Defendants further admit that Mr. Garrison wore a bright-blue ACLU Legal Observer vest during all or part of the protest. Defendants are without sufficient knowledge or complete information to admit or deny any remaining allegations in paragraph 20, and therefore, deny those allegations.

  21. Defendants admit that Jenny Nickolaus and Chris Whaley are wife and husband and formerly owned a restaurant. Defendants admit that Ms. Nickolaus and Mr. Whaley attended the counter protests to support the various counter-protest groups. Defendants are without sufficient knowledge or complete information to admit or deny any remaining allegations in paragraph 21, and therefore, deny those allegations.

  22. Defendants admit that Josef Haber owns a martial arts and acupuncture studio. Defendants admit that Mr. Haber had previously contracted shingles in his eye, and that he was still taking medication related to the shingles on June 4, 2017. Defendants are without sufficient knowledge or complete information to admit or deny any remaining allegations in paragraph 22, and therefore, deny those allegations.

PORTLAND CITY ATTORNEY'S OFFICE
1221 SW 4TH AVENUE, RM 430
PORTLAND, OREGON 97204
(503) 823-4047

23. Defendants admit that Jade Sturms worked at a design studio in Portland on June 4, 2017. Defendants further admit that Ms. Sturms attended the counter protests. Defendants are without sufficient knowledge or complete information to admit or deny any remaining allegations in paragraph 23, and therefore, deny those allegations.

24. Defendants admit that the Patriot Prayer Gathering was scheduled to start at approximately 2:00 p.m., but many protesters on both sides began showing up early. Defendants admit there was a law enforcement presence at the protests, which included PPB, Multnomah County Sheriff's Office, and Oregon State Police. Defendants admit that Federal Protection Services officers also provided policing with respect to Terry Shrunk Plaza. Defendants admit that many officers were wearing personal protective gear, and formed a line primarily along SW Madison Street separating the individuals attending the Patriot Prayer Gathering and the counter protesters in Chapman Square. PPB officers forming the line primarily faced Chapman Square, and Federal Protection Services officers patrolled Terry Shrunk Plaza. PPB officers attempted to keep the individuals attending the Patriot Prayer Gathering separate from individuals attending the counter protests. Except as expressly admitted herein, defendants otherwise deny all allegations set forth in paragraph 24 of the First Amended Complaint.

25. At approximately 3:15 p.m., following reports that counter protesters in Chapman Square were throwing projectiles and climbing on the roof of the bathroom in Chapman Square, the PPB sound truck announced that the south side of Chapman Square was closed and directed the crowd in Chapman Square to move further north within the park to provide additional distance between the counter protesters and the Patriot Prayer Gathering. Following multiple announcements from the sound truck over a period of several minutes, PPB officers began moving counter protesters slowly north within Chapman Square. In response to the sound truck announcements and the PPB officers' efforts to move the protestors in Chapman Square who were refusing to obey the announcement, individuals within the crowd of protesters in Chapman

Square began throwing fireworks, smoke bombs, mortars, and other projectiles at PPB officers. At approximately 3:30 p.m., the PPB sound truck declared the gathering in Chapman Square an unlawful assembly and directed protesters to disperse the area. The PPB sound truck repeated a similar announcement approximately 17 times. At approximately 3:45 p.m., the PPB sound truck announced that Chapman Square was closed and ordered protesters to disperse or be subject to arrest. The PPB sound truck repeated a similar announcement approximately five times. At approximately 3:55 p.m., the PPB sound truck announced that both Lownsdale Square and Chapman Square were closed, ordered protesters to disperse or be subject to arrest, and directed them to leave to the north. This announcement was repeated approximately ten times until approximately 4:15 p.m. Defendants specifically deny that the decision to close the parks and the dispersal orders were without legal justification or done for the purpose of any diversion. Except as expressly admitted herein, defendants otherwise deny all allegations set forth in paragraph 25 of the First Amended Complaint.

26. Defendants affirmatively allege that individuals in the crowd were able to leave, and some did, in fact, obey police commands and disperse from Chapman and Lownsdale Squares. However, Defendants admit that large numbers of individuals in the crowd did not respond to the repeated announcements and requirement to move north and to disperse, including Plaintiffs Garrison, Haber, Nickolaus, Whaley, and Sturms. PPB officers used less-lethal impact munitions in response to specific threats from the crowd. Except as expressly admitted herein, defendants otherwise deny all allegations set forth in paragraph 26 of the First Amended Complaint.

27. Defendants admit that the PPB sound truck directed the crowd assembled in Chapman and Lownsdale Squares to disperse to the north. Defendants affirmatively allege that many individuals previously assembled in Chapman and Lownsdale Squares, including

plaintiffs, began an unpermitted march within the street, first moving west on SW Salmon Street and then moving north on SW Fourth Avenue. Defendants explicitly deny that PPB officers ordered individuals to march north or "move north on Southwest Fourth Avenue toward Southwest Morrison Street." Except as expressly admitted herein, defendants otherwise deny all allegations set forth in paragraph 27 of the First Amended Complaint.

28. Defendants admit that law enforcement officers blocked the unlawful march from marching in the street west on Salmon Street at SW Fifth Avenue and again blocked the unpermitted march from marching in the street west on Morrison Street at SW Fifth Avenue. Except as expressly admitted herein, defendants otherwise deny all allegations set forth in paragraph 28 of the First Amended Complaint.

29. Defendants admit that members of the Plaintiff Class marched unlawfully and chanted slogans. Defendants admit that PPB officers, along with troopers and deputies from the Oregon State Police and Multnomah County, stopped and detained the protesters who had refused to disperse from Chapman Square and Lownsdale Square when lawfully ordered to do so, and who then unlawfully marched north through the City in the street on SW Fourth Avenue. Law enforcement officers detained these individuals on SW Fourth Avenue between Morrison and Alder Streets. Defendants admit that many of the law enforcement officers were wearing personal protective gear. Except as expressly admitted herein, defendants otherwise deny all allegations set forth in paragraph 29 of the First Amended Complaint.

30. Defendants admit that Larry Graham, who served as the Incident Commander for the June 4, 2017 protest, ordered that officers detain the members of the plaintiff class for investigation of disorderly conduct. Except as expressly admitted herein, defendants otherwise deny all allegations set forth in paragraph 30 of the First Amended Complaint.

31. Defendants admit that Mayor Wheeler was present in the PPB command center at times on June 4, 2017. Defendants deny that Mayor Wheeler ordered, directed or approved any

actions of PPB officers on June 4, 2017.  Except as expressly admitted herein, defendants otherwise deny all allegations set forth in paragraph 31 of the First Amended Complaint.

32. Defendants admit that the PPB and OSP officers contained members of the plaintiff class on SW Fourth Avenue between SW Morrison and SW Alder and did not permit them to leave.  Defendants admit that some members of plaintiff class were initially confused, but that shortly thereafter the demeanor of the plaintiff class was calm.  Defendants admit that OSP officers used pepper spray balls in the direction of a parking garage on SW Fourth Avenue because individuals were advancing up the garage, into a position where projectiles could be thrown, putting the public and police officers at risk.  Except as expressly admitted herein, defendants otherwise deny all allegations set forth in paragraph 32 of the First Amended Complaint.

33. Defendants admit that PPB officers used the PPB sound truck to announce to the individuals on SW Fourth Avenue between Morrison and Alder Streets that they were being detained for the purposes of investigating the crime of disorderly conduct.  Defendants admit that they processed individuals as quickly and expeditiously as possible, but it took approximately one hour and fifteen minutes to complete the processing of all the individuals.  Except as expressly admitted herein, defendants otherwise deny all allegations set forth in paragraph 33 of the First Amended Complaint.

34. Defendants admit that PPB officers photographed individuals and obtained identification information prior to releasing individuals.  Except as expressly admitted herein, defendants otherwise deny all allegations set forth in paragraph 34 of the First Amended Complaint.

35. Defendants admit that after law enforcement officers photographed either the individuals or their identification, that the officers ordered individuals to leave the area, and the

individuals complied with those orders. Except as expressly admitted herein, defendants otherwise deny all allegations set forth in paragraph 35 of the First Amended Complaint.

## CLASS ALLEGATIONS

36. Defendants admit that this action has been certified as a class action.

37. Defendants admit that the class consists of "All individuals who were assembled on Southwest Fourth Avenue between Southwest Morrison Street and Southwest Alder Street in Portland, Oregon on the afternoon of June 4, 2017, and who were contained and prevented from leaving by officers of the Portland Police Bureau, along with other law enforcement officers." Defendants further admit that the Plaintiff class is so numerous that joinder of all members is impracticable. Except as expressly admitted herein, defendants otherwise deny all allegations set forth in paragraph 37 of the First Amended Complaint.

38. Except as to the issue of damages, Defendants admit the allegations set forth in paragraph 38 of the First Amended Complaint.

39. Except as to the issue of damages, Defendants admit that plaintiffs' claims are typical of the class. Except as expressly admitted herein, defendants otherwise deny all allegations set forth in paragraph 39 of the First Amended Complaint.

40. Defendants admit the allegations set forth in paragraph 40 of the First Amended Complaint.

41. Paragraph 41 states a legal conclusion to which defendants need not respond. Defendants otherwise deny any allegations set forth in paragraph 41 of the First Amended Complaint.

42. Paragraph 42 states a legal conclusion to which defendants need not respond. Defendants otherwise deny any allegations set forth in paragraph 42 of the First Amended Complaint.

43.  Paragraph 43 states a legal conclusion to which defendants need not respond. Defendants otherwise deny any allegations set forth in paragraph 43 of the First Amended Complaint.

44.  Paragraph 44 states a legal conclusion to which defendants need not respond. Defendants otherwise deny any allegations set forth in paragraph 44 of the First Amended Complaint.

45.  Defendants are without sufficient knowledge or complete information at this time to admit or deny what plaintiffs know or do not know regarding the management of any purported class action, and therefore deny those allegations. In any event, the allegations set forth in paragraph 45 are a legal conclusion to which defendants need not respond.

46.  Defendants admit the allegations set forth in paragraph 46 of the First Amended Complaint.

## FIRST CLAIM FOR RELIEF
## (AGAINST DEFEDANTS PPB OFFICERS AND WHEELER)

### Fourth and Fourteenth Amendments to the United States Constitution and 42 U.S.C. § 1983

47.  Defendants reassert and incorporate by reference their answers to paragraphs 1-46 above.

48.  Defendants deny the allegations in paragraph 48 of the First Amended Complaint.

49.  Defendants deny the allegations in paragraph 49 of the First Amended Complaint.

## SECOND CLAIM FOR RELIEF
## (AGAINST DEFEDANTS PPB OFFICERS AND WHEELER)

### Article I, Section 9, or Oregon Constitution

50.  Defendants reassert and incorporate by reference their answers to paragraphs 1-49 above.

51.  Defendants deny the allegations in paragraph 51 of the First Amended Complaint.

## THIRD CLAIM FOR RELIEF
## (AGAINST DEFENDANT CITY)

### Fourth and Fourteenth Amendments to the United States Constitution and 42 U.S.C. § 1983

52. Defendants reassert and incorporate by reference their answers to paragraphs 1-51 above.

53. Defendants deny the allegations in paragraph 53 of the First Amended Complaint.

54. Defendants deny the allegations in paragraph 54 of the First Amended Complaint.

## FOURTH CLAIM FOR RELIEF
## (AGAINST DEFEDANT CITY)

### Article I, Section 9, or Oregon Constitution

55. Defendants reassert and incorporate by reference their answers to paragraphs 1-54 above.

56. Defendants deny the allegations in paragraph 56 of the First Amended Complaint.

57. Defendants deny the allegations in paragraph 57 of the First Amended Complaint.

## DEMAND FOR JURY TRIAL

58. Defendants acknowledge that plaintiffs seek a jury trial. Defendants also respectfully request a jury trial of plaintiffs' action.

## PRAYER FOR RELIEF

Defendants deny plaintiffs are entitled to any relief of any kind from defendants — either declaratory relief or damages. Defendants further deny that plaintiffs are entitled to attorney fees, costs, and disbursements.

BY WAY OF FURTHER ANSWER AND AFFIRMATIVE DEFENSES, Defendants allege as follows:

## FIRST AFFIRMATIVE DEFENSE

(Failure to State a Claim)

Plaintiffs have failed to state a claim upon which relief can be granted.

Page 13 – ANSWER AND AFFIRMATIVE DEFENSES TO FIRST AMENDED COMPLAINT

## SECOND AFFIRMATIVE DEFENSE

(Qualified Immunity)

Defendants Graham, Lee, Lindsey, McDaniel, Santos, and Wheeler are entitled to qualified immunity from liability under 42 U.S.C. § 1983 because they acted in good faith and a reasonable police officer or police or elected official in their position would not have known that any of their actions or inactions would have violated a clearly established, federally protected right of plaintiffs.

## THIRD AFFIRMATIVE DEFENSE

(Reasonable Suspicion)

Any detention of plaintiffs by defendants on June 4, 2017 was based on reasonable suspicion.

## FOURTH AFFIRMATIVE DEFENSE

(Probable Cause)

Any arrest of or any initiation of criminal prosecution against plaintiffs by defendants on June 4, 2017 was supported by probable cause.

## FIFTH AFFIRMATIVE DEFENSE

(Reasonableness)

The detention of plaintiffs by defendants on June 4, 2017 was reasonable under the Fourth Amendment to the United States Constitution, and under Article I, Section 9 of the Oregon Constitution.

## SIXTH AFFIRMATIVE DEFENSE

(Good Faith)

The actions by Defendants Graham, Lee, Lindsey, McDaniel, Santos, and Mayor Wheeler were taken in good faith.

### SEVENTH AFFIRMATIVE DEFENSE

(Lack of Standing)

Plaintiffs lack standing under federal or state law to seek declaratory relief against individual Defendants.

### EIGHTH AFFIRMATIVE DEFENSE

(Special Needs/Necessity)

Defendants detention of plaintiffs was necessary to terminate the unlawful march through the City's downtown core, to prevent further disruption to the City's transportation network, and to eliminate the risk of violence and destruction of property.

### NINTH AFFIRMATIVE DEFENSE

(No damages for Violation of Oregon Constitution)

Plaintiffs have no private right of action for any damages for any violation of the Oregon Constitution. *Hunter v. City of Eugene*, 309 Or. 298 (1990).

### TENTH AFFIRMATIVE DEFENSE

(Right to Amend)

Defendants reserve the right to amend their Answer and Affirmative Defenses through and after discovery.

WHEREFORE, having fully answered plaintiffs' First Amended Complaint, defendants asks for the following relief:

    A.    That judgment be entered in favor of defendants and against plaintiffs;

    B.    That defendants be awarded their reasonable costs incurred herein; and

/////

/////

/////

/////

C. That defendants be awarded such other relief as the Court deems just and equitable.

Dated: September 14, 2018.

Respectfully submitted,

*/s/ Naomi Sheffield*
WILLIAM W. MANLOVE, OSB # 891607
Senior Deputy City Attorney
NAOMI SHEFFIELD, OSB #170601
Deputy City Attorney
Of Attorneys for Defendants